**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Renan CALIX–MATUTE, a.k.a. Renan**
**Matute, Defendant–Appellant.**

**No. 06–15664**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 30, 2007.

Peggy Morris Ronca, Jacksonville, FL, for Plaintiff–Appellee.

Lisa Call, James H. Burke, Jr., Federal Public Defender, Jacksonville, FL, for Defendant–Appellant.

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Appellant Renan Calix–Matute appeals his 36–month sentence for illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326. He argues that he pled guilty only to a violation of 8 U.S.C. § 1326(a), for which the maximum penalty is two years imprisonment, but the district court sentenced him as if he had been convicted under U.S.C. § 1326(b)(1), for which the maximum penalty is ten years. He concedes that the Supreme Court held in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that the government need not allege a defendant's prior felony conviction in the indictment in order for the district court to impose an "enhanced" sentence under § 1326(b) because the prior felony is not an element of the offense. However, he argues that, in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which struck down a similar sentencing enhancement provision in a New Jersey statute, we should hold that the enhancement provision in § 1326(b) is unconstitutional and reverse his sentence.

Because Calix–Matute objected in the district court to the government's failure to allege his prior conviction in the indictment as a violation of *Apprendi*, we review his claim de novo. *United States v. Candelario*, 240 F.3d 1300, 1306 (11th Cir. 2001). Section 1326(a) establishes a two-year maximum sentence for aliens who illegally attempt to re-enter the United States after being deported. 8 U.S.C. § 1326(a). Pursuant to § 1326(b)(1), however, if an alien's initial deportation was

subsequent to a conviction for a felony, the statutory maximum increases to ten years.

The Supreme Court established in *Almendarez–Torres* that a defendant's prior conviction in the·context of the § 1326(b) increased-penalty provision is merely a sentencing factor that does not have to be submitted to the jury and proved beyond a reasonable doubt. 523 U.S. at 243–45, 118 S.Ct. at 1225, 1231–32. The Court later held in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362–63. The Supreme Court also stated that "we need not revisit [*Almendarez–Torres*] for purposes of our decision today to treat the case as a narrow exception to the general rule." *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362.

After *Apprendi* was issued, we considered its effect on *Almendarez–Torres* and whether the government now needs to allege a defendant's prior conviction in the indictment in order for the court to sentence him under the increased maximum penalty provision of § 1362(b)(2). *United States v. Guadamuz–Solis,* 232 F.3d 1363, 1363 (11th Cir.2000). In *Guadamuz–Solis,* we held that "*Almendarez–Torres* remains the law until the Supreme Court determines that *Almendarez–Torres* is not controlling precedent." *Id.*

Because the Supreme Court's holding in *Almendarez–Torres* remains binding precedent, we affirm Calix–Matute's sentence.

**AFFIRMED.**